

MAR 17 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

BERNICE MCKIND
Plaintiff,

CASE #: 3:10-CV-176-JRS

v.

JURY TRIAL DEMANDED

MIRAMED REVENUE GROUP, LLC
Defendant.

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and for her Complaint against the Defendant, respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Bernice McKind, an individual consumer, against Defendant MiraMed Revenue Group, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION, VENUE, CORE PROCEEDING and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).
2. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1391(b) and (c).
3. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia and the Defendant transacts business here and should expect to be hailed into this court.
4. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** See FRCP 38 and U.S. Const. Amend. VII.

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Bernice McKind
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone    804.673.4350 fax

## PARTIES

5. Plaintiff, Bernice McKind (hereinafter "Plaintiff") is a natural person and resides in Henrico County, Virginia.
6. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. §1692a(3).
7. Defendant, MiraMed Revenue Group, LLC (hereinafter "Defendant"), is a Illinois Corporation, engaged in the business of collecting debt in this Commonwealth with its principal place of business located at MiraMed Revenue Group, LLC, 991 Oak Creek Drive, Lombard, IL 60148.
8. Defendant is registered with the Secretary of the Commonwealth with a registered agent and may be served at the following: CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.
9. The principal purpose of the defendant is the collection of debts in this Commonwealth.
10. Defendant regularly attempts to collect consumer debts alleged due to another.
11. Defendant is engaged in the collection of debts from consumers using the mails and telephone.
12. Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTS

13. Plaintiff incurred debts with Memorial Regional Medical Center and Richmond Community Hospital, both are local hospitals, neither are parties to this case, for personal use on or before March 27, 2009, bringing the debt in question within the Fair Debt Collection Practices Act.
14. Upon information and belief, the debt went into default with Memorial Regional Medical Center and Richmond Community Hospital prior to the filing of the Bankruptcy.
15. Upon information and belief, Memorial Regional Medical Center and Richmond Community Hospital both assigned the debts to Defendant prior to the filing of the Bankruptcy.
16. Plaintiff filed a joint Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division Bankruptcy Court on March 27, 2009, case number 3:09-bk-31939-KRH.

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Bernice McKind
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone     804.673.4350 fax

17. Memorial Regional Medical Center is a listed and scheduled creditor in the Bankruptcy. See Exhibit "A" – Schedule "F".
18. Plaintiff attended the Meeting of Creditors on May 5, 2009.
19. Neither Memorial Regional Medical Center nor Richmond Community Hospital appeared at the Meeting of Creditors nor did they object to the dischargeability of the debt.
20. A No Distribution Report was entered May 6, 2009, by the Chapter 7 panel trustee, Lynn Tavenner.
21. Upon information and belief, on or about May 12, 2009, Defendant mailed a dunning letter to the Plaintiff for accounts included in the Bankruptcy. See Exhibit "B" – dunning letter dated May 12, 2009.
22. Plaintiff then began receiving numerous calls daily by Defendant through the use of an automatic dialer system that left messages stating that "the account has been closed and we are trying to collect a debt."
23. Upon information and belief, these calls were made from telephone number 866-910-2605, which is a number owned by the Defendant.
24. Plaintiff received calls from the Defendant starting on May 28, 2009 at 10:33 am, and again on May 28, 2009 at 10:42 am.
25. Plaintiff continued to receive calls from the Defendant on May 30, 2009 at 10:35 am.
26. Again, Plaintiff received calls from the Defendant on June 1, 2009 at 10:17 am, again on June 1, 2009 at 10:18 am.
27. On June 2, 2009 at 9:38 am, and again on June 2, 2009 at 9:41 am, Defendant called the Plaintiff.
28. Plaintiff continued to receive calls on June 3, 2009 at 10:16 am from the Defendant.
29. Plaintiff received calls from the Defendant again on June 4, 2009 at 10:15 am, again on June 4, 2009 at 12:51 pm,
30. Upon information and belief, on or about June 8, 2009 Defendant mailed a dunning letter to the Plaintiff for accounts included in the Bankruptcy. See Exhibit "C" – dunning letter dated June 8, 2009.
31. All the while, Plaintiff continued to receive calls from the Defendant on June 9, 2009 at 11:52 am, again on June 9, 2009 at 2:03 pm.

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Bernice McKind
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone    804.673.4350 fax

32. Again, Plaintiff received calls from the Defendant on June 10, 2009 at 9:46 am, again on June 10, 2009 at 10:10 am, one more time on June 10, 2009 this time at 11:13 am

33. Plaintiff continued to receive calls from the Defendant on, June 11, 2009 at 10:43 am, and again on June 11, 2009 this time calling at 11:07 am.

34. Plaintiff received another call from the Defendant on June 15, 2009 at 4:42 pm.

35. Plaintiff received yet another call from the Defendant on June 16, 2009 at 9:27 am.

36. Subsequently on July 21, 2009, Plaintiff received her discharge. See Exhibit "D" – Notice of Discharge.

## COUNT ONE:

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

37. Plaintiff restates and re-alleges all previous paragraphs herein.

38. Defendant has violated the FDCPA 15 U.S.C. §1692 *et seq.* in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. §1692c[a][2], in that they contacted Plaintiff after they knew or should have known that the Plaintiff was represented by counsel without obtaining the consent of Plaintiff's counsel.

   b. Defendant has violated the FDCPA 15 U.S.C. §1692e, in that they used means that are false and misleading in the collection of a consumer debt.

   c. Defendant has violated the FDCPA 15 U.S.C. §1692e[2], in that they falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it is discharged in Bankruptcy.

   d. Defendant has violated the FDCPA 15 U.S.C. §1692e[2][a], in that they falsely stated the amounts due, in the collection of a consumer debt.

   e. Defendant has violated the FDCPA 15 U.S.C. §1692e[10], in that they used a false representation in the collection of a consumer debt or obtained information concerning a consumer, in the collection of a consumer debt.

   f. Defendant has violated the FDCPA 15 U.S.C. §1692f, in that they used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

   g. Defendant has violated the FDCPA 15 U.S.C. §1692f[1], in that they collected or attempted to collect an amount other than one authorized by the agreement or

Jason M. Krumbein, Esq. VSBN 43538   jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613   mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Bernice McKind
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone   804.673.4350 fax

Page 4 of 5

permitted by law, in the collection of a consumer debt, as they were not entitled to any funds because it was discharged in Bankruptcy.

39. Plaintiff is entitled to statutory damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

WHEREFORE, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act, for statutory damages, attorney fees, and costs.

BERNICE MCKIND

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613
mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone
804.673.4350 fax

Jason M. Krumbein, Esq. VSBN 43538   jkrumbein@krumbeinlaw.com
Mitchell P. Goldstein, Esquire VSBN 40613   mgoldstein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Bernice McKind
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone    804.673.4350 fax

Page 5 of 5